UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO, by its
TRUSTEES EDWARD KELLY, JEFFREY LOUGHLIN,
PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI
and NICHOLAS SIGNORELLI, JR., and JOHN and JANE DOE,         **COMPLAINT**
as Beneficiaries of the ANNUITY, PENSION, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY          08-CIV-
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO,

                                        Plaintiffs,

       -against-

EARTHCON INDUSTRIES, INC.,

                                        Defendant.
-------------------------------------------------------------------------X

       Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their

Complaint, respectfully allege:

       1.      This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed

to employee fringe benefit trust funds.

                                        **JURISDICTION**

       2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502

and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

       3.      Venue is properly laid in the Southern District of New York pursuant to Section

502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY,

PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS

of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO ("LOCAL 137") are administered in the County of Westchester, State of New York at 1360 Pleasantville Road, Briarcliff Manor, New York 10510.

## THE PARTIES

4.  The LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL 137 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186. The Trustees of the LOCAL 137 TRUST FUNDS maintain the subject plans at offices located at 1360 Pleasantville Road, Briarcliff Manor, New York.

5.  EDWARD KELLY, PETER PATERNO, ROSS PEPE, SAL SANTAMORENA, NICHOLAS SIGNORELLI and NICHOLAS SIGNORELLI, JR. are Trustees of the LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.  The LOCAL 137 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

7.  The LOCAL 137 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29, U.S.C. §1002(1), established for the purpose of providing medical and other benefits to the employees of contributing employers.

8.  JOHN and JANE DOE are beneficiaries of the LOCAL 137 TRUST FUNDS within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

9. The LOCAL 137 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37).

10. Upon information and belief, Defendant, EARTHCON INDUSTRIES, INC. ("EARTHCON") was and still is a New York corporation, with its principal place of business located at 360 Barway, Jefferson Valley, New York 10535.

11. Upon information and belief, EARTHCON was and still is a foreign corporation duly licensed to do business in the State of New York.

12. Upon information and belief, EARTHCON was and still is a foreign corporation doing business in the State of New York.

13. Upon information and belief, Defendant, EARTHCON is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 13 inclusive, with the same force and effect as though more fully set forth at length herein.

15. Initially, EARTHCON agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 137 known as the "Engineering Heavy and Highway Agreement" which was effective for the period of March 4, 2002 through March 6, 2005 (hereinafter referred to as the "Collective Bargaining Agreement") and adhered to the terms and conditions of the Collective Bargaining Agreement.

16. LOCAL 137 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 1360 Pleasantville Road, Briarcliff Manor, New York.

17. Upon the formal expiration of the Collective Bargaining Agreement, Defendant EARTHCON did not execute a subsequent version of the "Engineering Heavy and Highway Agreement" with LOCAL 137 (the "subsequent collective bargaining agreement").

18. Instead, upon information and belief, EARTHCON continued to employ members of LOCAL 137 through a course of conduct which included deducting and remitting supplemental dues, paying the LOCAL 137 members in its employ the wage scale called for under the subsequent collective bargaining agreement, availing itself to the benefit of the union referral hall for the referral of employees and displaying conduct manifesting an intention to abide by the terms and conditions of the subsequent collective bargaining agreement.

19. As a result thereof, upon information and belief, Defendant EARTHCON manifested an understanding and intent to be bound by the subsequent collective bargaining agreement through its words, actions and course of conduct and continued to employ LOCAL 137 members during the period of July 1, 2005 through September 30, 2005.

20. Upon information and belief, EARTHCON has failed to make the required fringe benefit contributions to the LOCAL 137 TRUST FUNDS for the period of July 1, 2005 through September 30, 2005 in the amount of $6,598.40 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

21. Despite repeated efforts by the LOCAL 137 TRUST FUNDS to collect the contributions owed, Defendant EARTHCON remains delinquent in making the proper contributions and has failed to pay any of the outstanding contributions owed to the LOCAL 137 TRUST FUNDS as detailed above.

22. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the

Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Funds' Plan Documents, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

23. Accordingly, as a direct and proximate result of EARTHCON'S course of conduct and its manifestation to be bound to the terms and conditions of the subsequent collective bargaining agreement, as well as Section 515 of ERISA, Defendant EARTHCON is liable to the Plaintiffs in the amount of $6,598.40 along with potentially additional contributions, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A SECOND CAUSE OF ACTION

24. The Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 23 inclusive with the same force and effect as though more fully set forth at length herein.

25. Under the terms of ERISA, an employer is required to make payments to the LOCAL 137 TRUST FUNDS based upon an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to the LOCAL 137 TRUST FUNDS.

26. Under the terms of the LOCAL 137 TRUST FUNDS' Agreements, State law and ERISA, Plaintiffs are entitled to audit EARTHCON'S books and records.

27.     Upon information and belief, Defendant EARTHCON may have underreported the number of employees, the amount of employee hours and wages paid to its employers and the contributions due.

28.     Plaintiffs therefore demand and audit of EARTHCON'S books and records.

**WHEREFORE,** Plaintiffs demand judgment on the First Cause of Action as follows:

1.      Of Defendant EARTHCON INDUSTRIES, INC. in the amount of contributions determined to be due and owing to the LOCAL 137 TRUST FUNDS of $6,598.40, plus any additional monies that may be determined to become justly due and owing to the LOCAL 137 TRUST FUNDS during the pendency of this action and before final judgment, together with:

   a.   Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendants, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

   b.   Penalty interest or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

   c.   Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

   d.   Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE,** Plaintiffs demand judgment on the Second Cause of Action as follows:

1.      An order requiring Defendant EARTHCON INDUSTRIES, INC. to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E);

2.      Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

3.  Such other and further as the Court may deem just and proper, together with the costs and disbursements of this action.

Dated: Hastings-on-Hudson, New York
       February 29, 2008

>Yours, etc.
>
>BRADY McGUIRE & STEINBERG, P.C.
>
>By: _____
>     James M. Steinberg (JS-3515)
>     Attorneys for Plaintiffs
>     603 Warburton Avenue
>     Hastings-on-Hudson, New York 10706
>     (914) 478-4293